Matter of Seebald v New York State Div. of Human Rights & Roswell Park Cancer Inst. Corp. (2019 NY Slip Op 00780)





Matter of Seebald v New York State Div. of Human Rights & Roswell Park Cancer Inst. Corp.


2019 NY Slip Op 00780


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1329 CA 18-01163

[*1]IN THE MATTER OF CATHLEEN SEEBALD, PETITIONER-APPELLANT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS AND ROSWELL PARK CANCER INSTITUTE CORPORATION, RESPONDENTS-RESPONDENTS. 






LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (CHARLES L. MILLER, II, OF COUNSEL), FOR PETITIONER-APPELLANT.
WILDER & LINNEBALL, LLP, BUFFALO (CHRISTOPHER S. NICKSON OF COUNSEL), FOR RESPONDENT-RESPONDENT ROSWELL PARK CANCER INSTITUTE CORPORATION. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered September 5, 2017 in a proceeding pursuant to CPLR article 78 and Executive Law § 298. The judgment, among other things, dismissed the petition in its entirety. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 and Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) that there was no probable cause to believe that petitioner's employer, respondent Roswell Park Cancer Institute Corporation (Roswell), engaged in an unlawful discriminatory practice against her. Petitioner appeals from a judgment confirming that determination and dismissing the petition. We affirm.
Initially, we reject petitioner's contention that we must determine whether substantial evidence supports SDHR's determination. "Where, as here, SDHR renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious or lacked a rational basis" (Matter of Sullivan v New York State Div. of Human Rights, 160 AD3d 1395, 1396 [4th Dept 2018] [internal quotation marks omitted]; see Matter of McDonald v New York State Div. of Human Rights, 147 AD3d 1482, 1482 [4th Dept 2017]; Matter of Smith v New York State Div. of Human Rights, 142 AD3d 1362, 1363 [4th Dept 2016], lv denied 30 NY3d 913 [2018]). We also reject petitioner's further contention that SDHR was required to hold a hearing on her complaint before making a probable cause determination. SDHR "has the discretion to determine the method to be used in investigating a [complaint], and a hearing is not required in all cases" (McDonald, 147 AD3d at 1482 [internal quotation marks omitted]; see Smith, 142 AD3d at 1363; Matter of Napierala v New York State Div. of Human Rights, 140 AD3d 1746, 1747 [4th Dept 2016]). Here, the record establishes that petitioner "had a full and fair opportunity to present her case and that [SDHR's] investigation was neither abbreviated nor one-sided" (Kim v New York State Div. of Human Rights, 107 AD3d 434, 434 [1st Dept 2013], lv denied 21 NY3d 866 [2013]; see Napierala, 140 AD3d at 1747), and "the conflicting evidence before SDHR did not create a material issue of fact that warranted a formal hearing" (Matter of Hall v New York State Div. of Human Rights, 137 AD3d 1583, 1584 [4th Dept 2016]; see McDonald, 147 AD3d at 1483).
Finally, petitioner contends that SDHR's determination of no probable cause lacks a [*2]rational basis and is arbitrary and capricious. It is well established that "[p]robable cause exists only when, after giving full credence to [petitioner's] version of the events, there is some evidence of unlawful discrimination . . . There must be a factual basis in the evidence sufficient to warrant a cautious [person] to believe that discrimination had been practiced" (McDonald, 147 AD3d at 1483 [internal quotation marks omitted]; see Napierala, 140 AD3d at 1747; Matter of Mambretti v New York State Div. of Human Rights, 129 AD3d 1696, 1697 [4th Dept 2015], lv denied 26 NY3d 909 [2015]). In addition, our standard of review is an "extremely deferential one: The courts cannot interfere [with an administrative tribunal's exercise of discretion] unless there is no rational basis for [its] exercise . . . or the action complained of is arbitrary and capricious, a test which chiefly relates to whether a particular action should have been taken or is justified . . . and whether the administrative action is without foundation in fact" (Matter of Beck-Nichols v Bianco, 20 NY3d 540, 559 [2013] [internal quotation marks omitted]). Here, Supreme Court properly concluded that SDHR's determination that there was no probable cause to believe that Roswell discriminated against petitioner is not arbitrary or capricious, and it has a rational basis in the record (see McDonald, 147 AD3d at 1483; Napierala, 140 AD3d at 1747).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court